UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON L. SANDERS,

        Plaintiff,

        Case No. 1:22-cv-252

v.

        Hon. Hala Y. Jarbou

UNKNOWN TENERELLA, et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id*.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff is a recent active litigant in the federal courts in Michigan. In three of Plaintiff's previous lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Sanders v. Washington*, No. 1:21-cv-1091 (W.D. Mich. Jan. 27, 2022); *Sanders v. Washington*, No. 1:21-cv-510 (W.D. Mich. Feb. 25, 2022); *Sanders v. Washington*, No. 1:21-cv-54 (W.D. Mich. Mar. 19, 2021).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Ionia County, Michigan. He sues Corrections Officers Unknown Tenerella, Unknown Parties, Unknown Blaeh, Unknown Grey, Unknown Green, and Unknown Stenman, Healthcare Officer Unknown White, and Registered Nurse Unknown Buckley. In his complaint, Plaintiff contends that on December 21, 2021, Defendant Tenerella refused to open his cell door to allow him to attend his Nation of Islam service. (ECF No. 1, PageID.2.) He avers that on an earlier date, Defendant Tenerella refused to open his cell door for the early lunch provided to inmates with a religious service callout. (*Id.*) Plaintiff alleges that this has become an issue because Defendant Tenerella controls the doors

3

in his housing unit during first shift, and that Defendant Tenerella shouts racist slurs over the intercom. (*Id.*, PageID.3.)

Plaintiff alleges further that on December 14, 2021, Defendant Tenerella refused to open his cell for a medical callout at 11:30 a.m., knowing that Plaintiff's religious service callout was for 12:00 p.m. (*Id.*) When Plaintiff complained, he was told, "to hell with your Muslim service callout go straight to healthcare." (*Id.*) When Plaintiff arrived at health services, he complained about Defendant Tenerella's behavior. (*Id.*) He also stated that there were 24 prisoners waiting in the health services waiting area, which he claims was only big enough for six individuals. (*Id.*) Defendant Buckley stated, "Well shut up and go to your stupid religious call out if you are so concerned about being overcrowded." (*Id.*) Plaintiff tried to explain that he had an eye clinic appointment that he was late for. (*Id.*)

Two days later, Defendant Tenerella turned off the water in Plaintiff's cell. (*Id.*, PageID.4.) Plaintiff claims that all throughout first shift, he asked to use the bathroom, asked for drinking water, and asked for water to wash his hand for prayer and was denied. (*Id.*)

In the instant case, Plaintiff does not allege that he suffered any physical injury. Plaintiff suggests that his Eighth Amendment rights were violated when he was unable to socially distance himself from other inmates in the health services area and when the water in his cell was turned off. (ECF No. 1, PageID.5.) Despite such allegations, Plaintiff fails to allege any adverse physical effects. Allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment") (citing *Stephens v. Carter Cnty. Jail*, No. 86-5565, 1987 WL 36997 (6th Cir. Apr. 10, 1987)). Moreover, although Plaintiff attributes unprofessional language to Defendants, the use of such language does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987). While the Court does not condone such language, Plaintiff's allegations simply do not suggest that physical injury is imminent.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:  April 14, 2022                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**